CLERK'S OFFICE
U.S. DISTRICT COURT
AT ROANOKE, VA
FILED
December 27, 2024
LAURA A. AUSTIN, CLERK
BY: s/ M.Poff, Deputy Clerk

IN THE UNITED STATES DISTRICT
COURT FOR THE WESTERN DISTRICT
OF VIRGINIA ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) Case No. 7:24-cr-00011 |
| v. | ) |
| | ) By: Elizabeth K. Dillon |
| ISAAC FIDEL MARTINEZ-CHAVEZ | ) Chief United States District Judge |

**MEMORANDUM OPINION AND ORDER**

Pending before the court are three pretrial motions: (1) defendant's Motion to Dismiss Count One of the [Superseding] Indictment (Dkt. No. 57); (2) defendant's Motion to Suppress Evidence (Dkt. No. 59); and (3) the United States' Motion to Toll the Speedy Trial in Order to Litigate Pending Motions (Dkt. No. 66).[1] Defendant's Motion to Suppress Evidence (Dkt. No. 59) has been referred to Judge Michael F. Urbanski, and a hearing on the motion has been set for January 3, 2025. (Dkt. Nos, 70, 71.) For the following reasons, the court will deny defendant's Motion to Dismiss Count One of the Indictment and will deny Government's request for any extension of time to file a response to defendant's pending pretrial motions. Pursuant to 18 U.S.C. § 3161(h)(1)(D), the period between the filing of the defendant's pretrial motions and their resolution will be tolled for Speedy Trial purposes.

I. DISCUSSION

First, the court will deny defendant's motion to dismiss count one of the superseding indictment, which charges him with unlawfully possessing a handgun and a rifle, in violation of 18 U.S.C. § 922(g)(1). Martinez-Chavez argues § 922(g)(1) is unconstitutional both facially and as applied under *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022), and

---

[1] There are additional pretrial motions (Dkt. Nos. 62, 68, 72) that the court will address at the pretrial conference.

*United States v. Rahimi*, 602 U.S. 680 (2024).  (*See* Dkt. No. 57.)  However, the Fourth Circuit recently held that § 922(g)(1) is facially constitutional.  *United States v. Canada*, No. 22-4519, 2024 WL 5002188, at *2 (4th Cir. Dec. 6, 2024) ("Section 922(g)(1) is facially constitutional because it 'has a plainly legitimate sweep' and may constitutionally be applied in at least some 'set of circumstances.' (citing *Washington State Grange v. Washington State Republican Party*, 552 U.S. 442 (2008))).  Additionally, the Fourth Circuit recently held that its precedent on as-applied challenges to § 922(g)(1) remains binding precedent after the Supreme Court's decisions in *Bruen* and *Rahimi*.[2]  *United States v. Hunt*, No. 22-4525, 2024 WL 5149611, at *1 (4th Cir. Dec. 18, 2024).  The court notes that defendant filed his motion prior to the Fourth Circuit's decision in *Hunt*, but it, nonetheless, binds this court.  As such, the court will deny defendant's motion to dismiss count one of the superseding indictment.

Second, as noted above, defendant's Motion to Suppress Evidence (Dkt. No. 59) has been referred to Judge Michael F. Urbanski.  (Dkt. No. 70.)  The United States has filed a response in opposition (Dkt. No. 75), and a hearing on the matter has been set for January 3, 2025 (Dkt. No. 71).

Lastly, the court will deny as moot the United States' request for any extension of time to file a response to defendant's pretrial motions.  (Dkt. No. 66.)  In its motion, the Government argues that three pretrial motions (Dkt. Nos. 57, 59, 62) are "substantive in nature and will require significant legal research, preparation, and witness coordination."  (*Id.* at 1.)  The Government requests for an extension of time until January 15, 2025, to prepare and file

---

[2] The Fourth Circuit precedent states that "a person who has been convicted of a felony cannot make out a successful as-applied challenge to Section 922(g)(1) 'unless the felony conviction is pardoned or the law defining the crime of conviction is found unconstitutional or otherwise unlawful.'"  *United States v. Hunt*, No. 22-4525, 2024 WL 5149611, at *1 (4th Cir. Dec. 18, 2024) (citing *Hamilton v. Pallozzi*, 848 F.3d 614, 626 (4th Cir. 2017)).

responses to defendant's motions. Furthermore, the Government recommends that the court set aside the first day of the jury trial, scheduled to begin on January 22, 2025, to hold an evidentiary hearing on the motion to suppress and to hear argument on the remaining motions.[3] (*Id.*) Additionally, the Government requests the Speedy Trial clock be tolled from December 13, 2024, until final dispositions of these motions, pursuant to 18 U.S.C. § 3161(h)(1)(D). Defendant has filed a response, opposing the requested extension for the Government to litigate the motions, but agreeing that the time between the filing of the defendant's pretrial motions and their resolution should be excluded for Speedy Trial purposes. (Dkt. No. 67.) On December 27, 2024, the Government filed responses to all three motions mentioned in its extension request. (Dkt. Nos. 73, 75, 77.) As such, the court will deny the Government's motion for any extension of time to file a response to defendant's pretrial motions as moot. Pursuant to 18 U.S.C. § 3161(h)(1)(D), the period between the filing of the defendant's pretrial motions and their resolution is tolled for Speedy Trial purposes.[4]

---

[3] Although the Government did not explicitly request a continuance of the jury trial in its motion, its recommendation would, in effect, delay the trial's commencement. To the extent the Government is seeking a continuance of the jury trial in its motion (Dkt. No. 66), the court denies the request.

[4] The Government "requests the court to toll Speedy Trial from December 13, 2024, until final disposition of these motions. This motion, however, is unnecessary, and " the court need not issue an order, as the time is automatically tolled pursuant to 18 U.S.C. § 3161(h)(1)(D). *See Bloate v. United States*, 559 U.S. 196, 203 (2010).

## II.  CONCLUSION AND ORDER

For the foregoing reasons, it is hereby ORDERED as follows:

1.  Defendant's Motion to Dismiss Count One of the [Superseding] Indictment (Dkt. No. 57) is DENIED; and

2.  The United States' Motion to Toll the Speedy Trial in Order to Litigate Pending Motions (Dkt. No. 66) is DENIED AS MOOT given the automatic tolling under the Speedy Trial Act.

The jury trial is scheduled to begin on January 22, 2025, and will proceed as planned. The clerk is directed to send a copy of this memorandum opinion and order to all counsel of record.

Entered: December 27, 2024.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
Chief United States District Judge